UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY ABSHIER,

    Plaintiff/Counterclaim-Defendant,

- vs. -

SUNSET RECORDINGS, INC., SUNSET MUSIC PUBLISHING, SUNSET CONNECT, S2 ENTERTAINMENT, INC., and DON LICHTERMAN,

    Defendants/Counterclaim-Plaintiff.

Civil Action No. 14-CV-3227 (CM)(SN)

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR ENTRY OF A DEFAULT
<u>JUDGMENT OF LIABILITY AGAINST ALL DEFENDANTS</u>**

**LAW OFFICES OF
MATTHEW L. LEVINE, PLLC**
Matthew L. Levine, Esq.
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel: (212) 880-9517
Fax: (888) 239-0120
matt@matthewlevinelaw.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ………………………………………………………………………….2

TABLE OF AUTHORITIES ……………………………………………………………………..3

PRELIMINARY STATEMENT………………………………………………………………….4

PROCEDURAL BACKGROUND……………………………………………………………….4

ARGUMENT……………………………………………………………………………………..8

THE COURT SHOULD ENTER A DEFAULT JUDGMENT OF
LIABILTY AGAINST ALL DEFENDANTS ……………………………………………….7

    A.    Standard On A Motion for Entry of Default Judgment..………...………………..7

    B.    The Court Should Enter a Default Judgment of Liability Against
        the Sunset Corporate Entities…………………………………...…………………9

    C.    The Court Should Enter a Default Judgment of Liability Against
        Defendant Lichterman……………………………………..………………………10

CONCLUSION…………………………………………………………………………..11

# TABLE OF AUTHORITIES

## Cases

*All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp.2d 613, 621 (S.D.N.Y. 2011)...........8

*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir.1981)......................................................10

*Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61 (2d Cir. 1986) .........................10

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) .......................7

*CJ Prods. LLC v. Your Store Online LLC*, 11-CV-9514 (GBD)(AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) ....................................................................................................8

*Coach, Inc. v. O'Brien*, 10-CV-6071 (JPO)(JLC), 2012 WL 1255276, at *14 (S.D.N.Y. Apr. 13, 2012) ................................................................................................................................8

*Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) ............9

*Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir.1991). ......................................9

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)........................................................7

*Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006) ..........................9

*Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).....................................9

*National Photo Group, LLC v. Bigstar Entmt., Inc.*, 13-CV-5467 (VSB)(JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014)................................................................................8

*Reiseck v. Universal Comm. of Miami, Inc.*, 06-CV-0777 (LGS), 2014 WL 1100140, at *2 (S.D.N.Y. Mar. 19, 2014) .......................................................................................................7

*RLI Ins. Co. v. King Sha Group*, 598 F. Supp.2d 438, 441 (S.D.N.Y. 2009)..................................8

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).........9

## Rules

Fed. R. Civ. P. 55.................................................................................................................*passim*

## PRELIMINARY STATEMENT

The Court should enter a default judgment of liability against all Defendants.

Defendants S2 Entertainment, Inc., Sunset Recordings, Inc., Sunset Publishing and Sunset Connect (the "Sunset Corporate Entities") each have failed to answer, appear or otherwise defend in this action -- despite several warnings from the Court that they will be held to default in failing to do so.

Defendant Don Lichterman, after initially participating in the case *pro se* and filing an Answer and Counterclaims, has subsequently defaulted by failing to defend this action. Specifically, Lichterman has (i) failed to appear for all five court conferences, despite repeated warnings he would be held to default; (ii) failed to respond to discovery or serve initial disclosures; and (iii) failed to oppose Plaintiff's Motion to Dismiss Lichterman's counterclaims.

If this was not enough to find Defendant Lichterman in default (and it is more than sufficient), Lichterman filed a letter on August 20, 2014 informing the Court that he would no longer defend this case. Summing it up in his first sentence, he stated: *"I give up."*

Accordingly, Plaintiff/Counter-Defendant Mary Abshier ("Plaintiff") seeks entry of a default judgment of liability against all Defendants.

## PROCEDURAL BACKGROUND

### A. Service of the Complaint Upon All Defendants

Plaintiff filed her complaint on May 5, 2014. [Dkt. No. 1.] On July 18, 2014, the Court (per Magistrate Judge Netburn) ruled that Plaintiff had effectively served the Sunset Corporate Entities as of July 8, 2014. [Dkt. No. 19.] Likewise, on August 5, 2014, the Court denied Defendant Lichterman's personal challenge to service in its August 5, 2014 Memorandum

4

Opinion and Order ("Mem. Op."), finding that Plaintiff effectively served Lichterman as well. [Dkt. No. 25.]

Nevertheless, none of the Sunset Corporate Defendants have answered or otherwise appeared in this action. [*See* Dkt. Nos. 15, 25, 29.]

Additionally, after Plaintiff commenced this action, Defendant Lichterman filed a separate, retaliatory lawsuit against Plaintiff and her husband, titled *Lichterman v. Abshier et al.*, 14-CV-3194 (CM) (the "Lichterman Action"). That action purportedly stated claims for breach of contract; defamation; intentional and negligent infliction of emotional distress; tortious interference with contractual relations; tortious interference with prospective business advantage; and civil conspiracy. On August, 5, 2014, the Court dismissed each of these causes of action with prejudice, for failure to state a claim. [*See* Dkt. No. 25, 14-CV-3914 (CM).]

B. **Defendant Lichterman's Answer, Counterclaims and Reconsideration Motions**

The Court summarized the relevant facts alleged in Plaintiff's Complaint in its August 5 Opinion. There, the Court denied Lichterman's motion to dismiss in its entirety, determining that Plaintiff states a claim as to all six of her causes of action. (Mem. Op. at 2-7, 13.)

After the Court denied Defendant Lichterman's Motion to Dismiss, Lichterman (alone) timely filed an Answer and so-called "Counterclaims" against Plaintiff. [Dkt. No. 31.][1] The five purported Counterclaims constitute either (i) a reference to claims brought or relief sought in the Lichterman Action; or (ii) demands for relief in this proceeding, not substantive causes of action. *See id.* Lichterman also filed a series of motions [*see* Dkt. Nos. 33-38, 41-76], which the

---

[1] The notation at Dkt. No. 31, indicating that the Sunset Corporate Entities filed an Answer as well, is an erroneous notation caused by an incorrect filing selection made by *pro se* Defendant Lichterman.

Court treated as Motions for Reconsideration of the Order denying his Motion to Dismiss. The Court denied reconsideration in all respects. [Dkt. Nos. 77-78.]

### C. Defendant Lichterman's Failure to Defend

Lichterman failed to appear at all five court conferences held in this matter: July 1, 2014; August 8, 2014; September 12, 2014; September 17, 2014; and October 10, 2014. This was despite having been warned several times by the Court that failure to appear would result in a default. *See, e.g.,* Dkt. No. 78 ("If Mr. Lichterman once again fails to appear, the Court will entertain a motion for a default judgment against him personally."); Dkt. No. 82; Dkt. No. 89 ("A conference in this case was scheduled this morning before the Court; once again, Mr. Lichterman failed to appear. He is now in default. . . . Mr. Lichterman MUST appear PERSONALLY at this conference. If he does not, I will entertain a motion for entry of a default judgment against him."); Dkt. No. 90 ("As set forth within, this is not the first time that Mr. Lichterman has failed to comply with a court order, including failing to appear at a court conference. . . . [Judge McMahon] has further instructed that she will entertain a motion for default judgment if Mr. Lichterman does not appear on October 10. Presumably, any such motion will include Mr. Lichterman's failure to appear before me [Magistrate Judge Netburn] today.").

Further, Plaintiff served her first set of document requests and interrogatories on July 9, 2014. Defendant Lichterman never responded to them. (Levine Dec. ¶ 2.) Lichterman also failed to respond to the Notice of Deposition served upon him on August 14, 2014. (*Id.* ¶ 3.) Nor did Lichterman ever serve his Rule 26 Initial Disclosures, despite repeated demands from Plaintiff. (Levine Dec. ¶ 4.)

6

Lichterman also failed to file any response to Plaintiff's Motion to Dismiss Lichterman's Counterclaims, thus conceding this motion. [*See* Dkt. Nos. 86-87.]

### D. The "Letter of Surrender"

In an unsolicited letter filing on August 20, 2014, Defendant Lichterman affirmed that he would no longer defend Plaintiff's case or pursue his counterclaims:

> I give up. I am not doing this any more. . . . Therefore, I have NOT opened up any of the documents or letters sent to me by the court because I do NOT care. You can set up whatever judgment on every record label and any company that is related to this claim. You can attach whatever judgment you need to my name and you can do that judgment at any time because I wont [sic] set it aside like I had said I would do with it last week. . . . [Dkt. No. 83.]

On these undisputed facts, the Court should enter a default judgment of liability against all Defendants.

## ARGUMENT

## THE COURT SHOULD ENTER A DEFAULT JUDGMENT OF LIABILITY AGAINST ALL DEFENDANTS

### A. Standard On A Motion for Entry of Default Judgment

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

"Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default [under Rule 55(a)], and second, the entry of a default judgment [under Rule 55(b)]." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The entry of default is an interlocutory act and, as such, a non-final order." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

While Rule 55(a) permits the Clerk to enter a default, "a district judge also possesses the inherent power to enter a default." *Mickalis Pawn Shop,* 645 F.3d at 128; *Reiseck v. Universal Comm. of Miami, Inc.,* 06-CV-0777 (LGS), 2014 WL 1100140, at *2 (S.D.N.Y. Mar. 19, 2014) (citing *Mickalis*).

"The second step, entry of a default judgment, converts the defendant's admission of liability [through default] into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop,* 645 F.3d at 128.

Thus, "'[a] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability.'" *National Photo Group, LLC v. Bigstar Entmt., Inc.,* 13-CV-5467 (VSB)(JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (quoting *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 854 (2d Cir. 1995)). The court must accept as true all of a plaintiff's well-pleaded allegations concerning issues other than damages. *RLI Ins. Co. v. King Sha Group,* 598 F. Supp.2d 438, 441 (S.D.N.Y. 2009) (citing *Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir. 1993)).[2]

Finally, in copyright cases such as this one, the infringer is deemed to be willful in the event of a default judgment. *See, e.g., CJ Prods. LLC v. Your Store Online LLC,* 11-CV-9514 (GBD)(AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (citing cases); *Coach, Inc. v. O'Brien,* 10-CV-6071 (JPO)(JLC), 2012 WL 1255276, at *14 (S.D.N.Y. Apr. 13, 2012); *All-Star Mktg. Grp., LLC v. Media Brands Co.,* 775 F. Supp.2d 613, 621 (S.D.N.Y. 2011).

---

[2] A district court is empowered under Rule 55(b)(2) to "conduct hearings or make referrals" as may be necessary to determine whether to award damages or grant other relief. *See Mickalis Pawn Shop,* 645 F.3d at 129. The Court indicated at the October 10, 2014 status conference that "[w]e'll set a date for [a damages] inquest if the order entering default judgment gets signed." (Oct. 10, 2014 Tr. at 3.) Separately, the Court also possesses authority to enter a default judgment against Lichterman as a discovery sanction, pursuant to Fed. R. Civ. P. 37(b)(2)(A).

B. **The Court Should Enter a Default Judgment of
Liability Against the Sunset Corporate Entities**

The Court should enter a default judgment of liability against the Sunset Corporate Entities for failing to answer or otherwise appear through counsel.

Where, as here, a corporation repeatedly fails to appear by counsel, the court should enter a default. "[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). This rule applies equally to any non-natural person, including unincorporated business entities. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986).

Thus, "'where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P.'" *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006) (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975)). Entry of default is especially appropriate where, as here, a court has ordered the corporation to appear through counsel, but the corporation refuses to comply. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir.1991).

None of the Sunset Corporate Entities has ever appeared by counsel in this action, despite repeated warnings from the Court that these entities must do so or face default. [*E.g.*, Dkt. Nos. 15, 25, 29.] The Sunset Corporate Entities failed to appear, even though the Court accommodated these Defendants by extending the appearance period well beyond the 21 days permitted under Fed. R. Civ. P. 12. [Dkt. No. 25.] Entry of a default judgment of liability against these corporate Defendants is therefore warranted. *See, e.g., Mickalis Pawn Shop*, 645

9

F.3d at 129; *Reiseck*, 2014 WL 1100140, at *3 (entering default where corporations knowingly failed to comply with orders to appear through counsel).

C. **The Court Should Enter a Default Judgment of Liability Against Defendant Lichterman**

The Court should also enter a default judgment of liability against Defendant Lichterman for failing to defend this action, after initially appearing and answering.

As noted above, Rule 55(a) provides for entry of a default judgment where a party "has failed to plead or otherwise defend . . . ." The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *Mickalis Pawn Shop*, 645 F.3d at 129. The Circuit has found entry of default proper in a variety of circumstances, including a defendant's (i) failure to appear for trial after a lack of diligence in pre-trial proceedings, *see Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61 (2d Cir. 1986); (ii) use of obstructionist litigation tactics, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir.1981); and (iii) willful disregard of court orders, *see Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir.1991).

Here, Defendant Lichterman has intentionally and repeatedly refused to defend this action (or prosecute his counterclaims) after filing his Answer and Counterclaims on August 12, 2014:

- Lichterman failed to appear at each of the five status conferences held by the Court. [Dkt. Nos. 9, 78, 82, 90, 91.]

- Lichterman defied several Court orders mandating that he attend such pretrial conferences. [Dkt. Nos. 78, 82, 90, 91.] The Court specifically warned Lichterman that failure to attend these conferences would result in a default. [*See id.*]

- Lichterman utterly failed to participate in or comply with discovery -- refusing to respond to Plaintiff's discovery requests (Levine Dec. ¶ 2); failing to serve Initial Disclosures (*id.* ¶ 4); and failing to respond to his noticed deposition (*id* ¶ 3).

- Lichterman failed to file any opposition to Plaintiff's Motion to Dismiss Lichterman's Counterclaims (*see* Dkt. Nos. 86-87).

10

Such behavior constitutes a "failure to defend" under any definition of the term. To the extent there is any ambiguity about Lichterman's conduct – and there is none – Lichterman made clear in his August 20 letter that he "gives up" and will no longer defend this case. Dkt. No. 83. Accordingly, the Court should enter a default judgment of liability against him. *See, e.g., Reiseck,* 2014 WL 1100140, at *3 (entering default judgment where, *inter alia,* the defendant wrote to the court that he "'do[es] not expect to be a part of defending the claims in this case'" and subsequently failed to file pretrial submissions or appear for a court conference).[3]

## CONCLUSION

For the foregoing reasons, Plaintiff/Counterclaim-Defendant Mary Abshier respectfully requests that the Court issue an Order: (a) entering a default judgment of liability against all Defendants; (b) entering a default judgment dismissing Defendant Lichterman's Counterclaims with prejudice; (c) scheduling an inquest on damages and other relief sought by Plaintiff; and (d) awarding such other and further relief as the Court deems just.

Dated: November 5, 2014
New York, New York

Respectfully submitted,

**LAW OFFICES OF
MATTHEW L. LEVINE, PLLC**

By: _/s/ Matthew L. Levine_
Matthew L. Levine
565 Fifth Avenue, 7th Floor
New York, NY 10017
Tel: (212) 880-9517
Fax: (888) 239-0120
matt@matthewlevinelaw.com
*Attorneys for Plaintiff Mary Abshier*

---

[3] On the basis of such knowing and wanton defaults, the Court also should rule that all Defendants have infringed Plaintiff's copyrights willfully. *See, e.g., CJ Prods.,* 2012 WL 2856068, at *3.

11

## CERTIFICATE OF SERVICE

I, Matthew L. Levine, counsel of record for defendants herein, hereby certify that, on November 5, 2014, I caused to be served the annexed Notice of Motion of Plaintiff's Motion for Entry of Default Judgment of Liability Against All Defendants, the Memorandum of Law in Support Thereof, and the Levine Declaration in Support Thereof, upon the following by (a) filing electronically through the Court's ECF system; (b) e-mail to the e-mail addresses Don.Lichterman@s2entertainment.com and Processing@s2entertainment.com; (c) through regular mail to the Post Office Box address, Don Lichterman, S2 Entertainment Company (S2e), P.O. Box 3514, #18386, New York, NY 10008; and (d) through regular mail to the Post Office Box address, Don Lichterman, P.O. Box 7367, Los Angeles, CA 90007:

    Don Lichterman
    Sunset Recordings, Inc.
    Sunset Music Publishing
    Sunset Connect
    S2 Entertainment, Inc.

                                              /s/ Matthew L. Levine
                                              Matthew L. Levine